

FILED & ENTERED

AUG 29 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Gregory Langadinos<br><br>Debtor(s). | Case No.: 2:25-bk-14466-BB<br><br>CHAPTER 7<br><br>**ORDER DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL OF ORDER DENYING DEBTOR'S MOTIONS [DOCKET NOS. 44, 45 AND 26]**<br><br>(No hearing required) |

    The Court, having reviewed and considered debtor Gregory Langadinos' motion for a stay pending appeal of this Court's August 18, 2025 "Order Denying Debtor's Motions [Docket Nos. 44, 45 and 46] for Relief from Prior Orders of this Court and Reimposition of the Automatic Stay" [Docket No. 48] (the "August 18 Order"), the record in the above chapter 7 case (the "Case") and applicable law, hereby finds and orders as follows:

-1-

As the Court explained in its August 18, Order, the debtor, Gregory Langadinos (the "Debtor"), has engaged in an extended attempt to forestall through any means necessary his eviction from the apartment that he currently occupies for which he has not paid rent since September of 2024.  [See Motion for Relief from Stay, Docket No. 15, at p. 7, par. 6.]  After his landlord commenced an unlawful detainer action in the Los Angeles Superior Court, Inglewood Division (the "UD Action"), the Debtor removed the UD Action to the United States District Court for the Central District of California (the "District Court") on March 3, 2025 [see District Court case no. 2:25cv1810], and the District Court promptly remanded the matter to state court by order entered March 6, 2025 [Docket No. 12 in that action]. The Debtor then filed a lawsuit in District Court against the Inglewood Superior Court and the Commissioner to which the UD Action was assigned on May 27, 2025 [District Court case no. 2:25cv4746] and moved for a temporary restraining order to forestall his eviction. The District Court denied that motion for lack of subject matter jurisdiction and based on judicial immunity on May 28, 2025 [Docket No. 9 in that action]. Later the same day, the Debtor filed the above chapter 7 Case to obtain the benefit of the automatic stay, as he had been unable to obtain injunctive relief otherwise.

The Debtor's landlord (the "Landlord") filed a motion for relief from the automatic stay on July 7, 2025 [Docket No. 15].  This Court denied the Debtor's motion for a continuance of the hearing on that motion and entered an order granting the Landlord relief from stay on July 29, 2025 [Docket No. 28].

Since that time, the Debtor has filed a series of motions that this Court has denied and motions for reconsideration of those denials and has complained to a variety of parties concerning this Court, arguing, among other things, that he is entitled to remain in his apartment for an extended period without payment of rent as an accommodation under the Americans with Disabilities Act and that the undersigned should be disqualified because she holds a bias against unrepresented parties who

have New York accents.[1] However, at no time has the Debtor set forth any viable legal theory to support his contention that relief from stay was improvidently granted or that any of the orders denying his motions for reconsideration should be reversed on appeal.[2]

When deciding whether to issue a stay pending a bankruptcy appeal, courts weigh the following four factors: (1) whether movant is likely to succeed on the merits of the appeal; (2) whether significant and/or irreparable harm would come to the movant absent a stay; (3) whether a stay would cause harm to the adverse party; and (4) where the public interest lies. Hilton v.Braunskill, 481 U.S. 770, 776 (1987); Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC), 395 B.R. 113, 119 (S.D. Ca. 2008). None of these factors weighs in favor of granting a stay pending appeal in the instant case.

The Debtor has failed to demonstrate any likelihood of success on the merits. The Debtor has not provided any evidence or argument to support his contention that any prior orders of this Court that may be the subject of his appeal were entered in error. As the Court explained in its August 18 Order, there was "cause" to grant the motion for relief from stay within the meaning of section 362(d)(1) because the Landlord wants to move forward with her efforts to evict the Debtor from his apartment. The Debtor may believe he has valid defenses to prevent that eviction. Therefore, the parties need to resolve these disputes, and the state court before whom the UD Action is pending is the ONLY place for the parties to do that. The bankruptcy court does not

---

[1] Although the accusation that Judge Bluebond hates pro se litigants with New York accents appears in a point heading in one of the Debtor's motions, the text of that motion does not contain any further discussion as to why the Debtor believes this rather specific and peculiar bias to be the case. (And, just to be clear: (A) the undersigned does not hate pro se debtors – even if they have New York accents; (B) the Court did not happen to notice on the one occasion on which the Debtor appeared before her whether the Debtor actually has a New York accent; and (C) the Debtor has not at any time in any of his papers claimed to have such an accent.)

[2] This appears to be the Debtor's *modus operandi*. The Court notes for the record that the Debtor has already been (a) found to be a "vexatious litigant" and prohibited from filing litigation in the courts of California unless represented by an attorney; (b) enjoined by the Suffolk County Superior Court for the State of Massachusetts from filing any action at law or in equity in any Massachusetts state court of original jurisdiction without first complying with the procedures outlined in Langadinos v. Southern New England School of Law, Inc., 30 Mass.L.Rptr. 278 (2012); and (c) enjoined from filing any new claims, cases, complaints or other documents in the U.S. District Court for the District of Massachusetts without first obtaining written approval from a judge of that court by filing a written petition seeking leave of court to do so in Langadinos v. Board of Trustees of the University of Massachusetts, 2013 WL 5513766 (D. Mass. 2013).

adjudicate the merits of unlawful detainer actions, particularly in a no asset case such as this where the outcome of that dispute will not have no impact whatsoever on the size of distributions to creditors.

Either there is a valid judgment in the UD Action or there is not.[3] If there is not, the parties need to return to state court to litigate the UD Action to conclusion. If there is a valid judgment, the Landlord should be given relief from stay to enforce that judgment. If that judgment was improvidently entered, the Debtor must seek a remedy in state court. As this Court has repeatedly explained to the Debtor, this Court cannot act as a Court of Appeal in which to challenge a state court judgment. Moreover, this is not an instance in which the Court is being asked to give collateral estoppel effect to any ruling made by the state court. The Bankruptcy Court is merely lifting the automatic stay for the parties to exercise their rights and remedies as against one another – whatever they may be – in state court.

The Debtor has also failed to show irreparable harm.  The Debtor has had, or will have, ample opportunity to raise any defenses he may have to an eviction in the UD Action.  Moreover, granting a stay pending appeal here would cause substantial harm to the Landlord, who has already been unable to regain possession of the property for an extended period due to the Debtor's repeated attempts to get another "bite at the apple" in federal court.  The public interest also weighs against granting a stay, as the public interest is not advanced when a litigant is permitted to continue inflicting harm on others by abusing the judicial process. Therefore, the Debtor has failed to demonstrate that he should be granted a stay pending appeal in this matter.

---

[3] The undersigned generally uses CourtLink (a Lexis product) to view dockets of actions pending in state courts. However, a search under the case number for the UD Action turned up no results, and a search under the names of the Debtor and the Landlord turned up only the actions the Debtor brought in the District Court referenced above. Perhaps the relevant docket has been sealed?

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Debtor's motion for a stay pending appeal is **DENIED.**

### 

Date: August 29, 2025

Sheri Bluebond
United States Bankruptcy Judge